IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LEON TOMASZEWSKI,** | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| | : | |
| vs. | : | NO.   19-cv-0080 |
| | : | |
| **ALLSTATE INSURANCE COMPANY** | : | |
| *d/b/a Encompass Insurance* | : | |
| *a/k/a Encompass Indemnity* | : | |
| Defendant. | : | |

| | | |
|---|---|---|
| **LEON TOMASZEWSKI,** | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| | : | |
| vs. | : | NO.   19-cv-133 |
| | : | |
| **ALLSTATE INSURANCE COMPANY** | : | |
| *d/b/a Encompass Insurance* | : | |
| *a/k/a Encompass Indemnity* | : | |
| Defendant. | : | |

## MEMORANDUM

**SITARSKI, M.J.**                                                                                                   **April 2, 2021**

Presently pending before the Court is Defendant's Motion to Strike Plaintiff's Responses to Requests for Admission and Deem the Requests Admitted (Def.'s Mot. to Deem RFAs Admitted, Case No. 19-cv-0080, ECF No. 61) and Plaintiff's response thereto (Pl.'s Resp., Case No. 19-cv-0080, ECF No. 63).  For the reasons that follow, Defendant's motion shall be **GRANTED IN PART** and **DENIED IN PART**.

I.      **RELEVANT BACKGROUND**[1]

---

[1] The background facts are taken from Plaintiff's complaints.  (Compl., Case No. 19-cv-0080, ECF No. 1; Compl., Case No. 19-cv-133, ECF No. 1).

This consolidated matter arises from Plaintiff's involvement in two automobile accidents on December 2, 2014, and February 20, 2016. (Compl., Case No. 19-cv-0080, ECF No. 1, at ¶ 4; Compl., Case No. 19-cv-133, ECF No. 1, at ¶ 4). Plaintiff alleges that both accidents resulted in the aggravation of preexisting back injuries. (Compl., Case No. 19-cv-0080, ECF No. 1, at ¶¶ 6-8; Compl., Case No. 19-cv-133, ECF No. 1, at ¶¶ 6-8). On December 8, 2014, and March 17, 2016, Plaintiff notified Defendant of anticipated claims for underinsured motorist (UIM) benefits, the policy limits for which are $250,000. (Compl., Case No. 19-cv-0080, ECF No. 1, at ¶¶ 23-24; Compl., Case No. 19-cv-133, ECF No. 1, at ¶¶ 23-24). On December 16, 2016, with Defendant's approval, Plaintiff reached an agreement with the other driver's insurance carrier to settle the first accident for $45,000 of the available policy limit of $50,000. (Compl., Case No. 19-cv-133, ECF No. 1, at ¶¶ 10-12). Similarly, on May 14, 2018, with Defendant's approval, Plaintiff reached an agreement with the other driver's insurance carrier to settle the second accident for $15,000, the policy limit. (Compl., Case No. 19-cv-0080, ECF No. 1, at ¶¶ 10-12). However, Plaintiff and Defendant proved unable to resolve Plaintiff's UIM claims. (Compl., Case No. 19-cv-0080, ECF No. 1, at ¶ 28; Compl., Case No. 19-cv-133, ECF No. 1, at ¶¶ 36-42).

On December 3, 2018, Plaintiff filed two state court complaints against Defendant, each bringing claims for declaratory judgment, breach of contract and bad faith. (Compl., Case No. 19-cv-0080, ECF No. 1, at ¶¶ 13-52; Compl., Case No. 19-cv-133, ECF No. 1, at ¶¶ 13-66). Defendant removed both complaints on January 9, 2019. (Notice of Removal, Case No. 19-cv-0080, ECF No. 1; Notice of Removal, Case No. 19-cv-133, ECF No. 1). On February 26, 2021, Defendant filed the instant motion. (Def.'s Mot. to Deem RFAs Admitted, Case No. 19-cv-0080,ECF No. 61). Plaintiff responded on March 11, 2021. (Pl.'s Resp., Case No. 19-cv-0080, ECF No. 63).

II.     **LEGAL STANDARD**

Defendant moves to strike Plaintiff's responses to 12 requests for admission (RFAs) and to deem the RFAs admitted. (Pl.'s Mot. to Deem RFAs Admitted, Case No. 19-cv-0080, ECF No. 61). Pursuant to Federal Rule of Civil Procedure 36, a party may serve RFAs upon the opposing party. "A party may serve upon any other party a written request to admit, for purpose of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." FED. R. CIV. P. 36(a). Rule 36 is intended to limit, to the extent practicable, issues that need to be proven at trial. The purpose of RFAs is to expedite the trial by establishing certain material facts as true, thus reducing the number of issues for trial. *See Creely v. Genesis Health Ventures, Inc.*, No. Civ.A.04-CV-0679, 2005 WL 44526 at *2 (E.D. Pa. Jan. 10, 2005).

Once a party has answered or objected to an RFA, the requesting party may seek a judicial determination of the sufficiency of the answers and/or the propriety of any objections. *United States v. Lorenzo*, CIV. A. No. 89–6933, 1990 WL 83388 (E.D. Pa. Jun.14, 1990). In evaluating the sufficiency of the answers or objections, a court should consider: (1) whether the denial fairly meets the substance of the RFA; (2) whether good faith requires that the denial be qualified; and (3) whether any "qualification" which has been supplied is a good faith qualification. *Id.*

Answers that appear to be non-specific, evasive, ambiguous or that appear to go to the accuracy of the requested admissions rather than the "essential truth" contained therein are impermissible and must be amended. *Caruso v. Coleman Co.*, Civ. A. No. 93–CV–6733, 1995 WL 347003 at *3 (E.D. Pa. Jun.7, 1995) (citing *Phila. Gear Corp. v. Techniweld, Inc.*, Civ. A.

No. 90–5671, 1992 WL 99622 at *2-3 (E.D. Pa. May 1, 1992)) (additional citation omitted). The reviewing court should not allow the responding party to make "hair-splitting distinctions" that frustrate the purpose of the RFA. *Thalheim v. Eberheim*, 124 F.R.D. 34, 35 (D. Conn. 1988).

### III.  DISCUSSION

Plaintiff agrees that its responses to Defendant's Set I, RFA number 2, and to Defendant's Set II, RFA numbers 2 and 17, should be deemed admitted.[2] (Pl.'s Resp., Case No. 19-cv-0080, ECF No. 63, at ¶¶ 7, 15, 17-18, 34). Accordingly, the Court shall deem admitted these three responses. The Court addresses the remaining nine RFA responses at issue below.

**A.  Set I**

6. Before December 3, 2018, Plaintiff rejected each and every offer of settlement made by Encompass as it relates to Plaintiffs claim for UIM benefits from the December 2, 2014 accident.

    ANSWER: Objection. Plaintiff objects to this request for admission as it requests a conclusion law, is vague, ambiguous, and not properly defined as to the term "offered." By way of further response and without waiving said objections, denied. With respect to the offer of $75,000.00 Plaintiff requested that Defendant provide an explanation of its unreasonable and unjustifiably low offer to resolve the UIM matter and offered to do whatever was needed or provide whatever was needed to resolve the matter. See Plaintiff's Complaint at Exhibit "Q." To date, Plaintiff has received no such explanation.

Defendant contends that Plaintiff's answer is not responsive and that its objection is nonsensical and improper. (Def.'s Mot. to Deem RFAs Admitted, Case No. 19-cv-0080, ECF

---

[2] Plaintiff agrees to amend its responses to Set I, RFA number 2, and Set II, RFA number 2, to "Admitted." (Pl.'s Resp., Case No. 19-cv-0080, ECF No. 63, at ¶¶ 7, 15, 17, 18). He responded to Set II, RFA number 17: "See response to request for admission 15, above." The response to Set II, RFA number 15, states: "Admitted." Plaintiff does not explain why he directed Defendant to the admission in his response to number 15 rather than simply making the admission directly in his response to number 17.

No. 61, at ¶¶ 8-9). Plaintiff responds that the RFA improperly seeks a "half-truth" and that he must qualify his answer to avoid "an unwarranted and unfair inference that Plaintiff flatly and unreasonably rejected any offer." (Pl.'s Resp., Case No. 19-cv-0080, ECF No. 63, at ¶¶ 8-9). He offers to amend his answer as follows:

> [ANSWER:] Admitted, with the clarification that, with respect to the offer of $75,000.00, Plaintiff requested that Defendant provide an explanation of its unreasonable and unjustifiably low offer to resolve the UIM matter and offered to do whatever was needed or provide whatever was needed to resolve the matter. See Plaintiffs Complaint at Exhibit "Q." To date, Plaintiff has received no such explanation.

(Pl.'s Resp., Case No. 19-cv-0080, ECF No. 63, at ¶ 8).

Plaintiff shall amend his answer as proposed. Federal Rule of Civil Procedure 36(a)(4) dictates that a party must qualify its response to an RFA when answering in good faith so requires. FED. R. CIV. P. 36(a)(4). The Court agrees that a qualification is warranted here because Plaintiff's responses to Defendant's settlement offers were allegedly more nuanced than simple "rejections." Plaintiff's proposed amended answer appropriately qualifies the admission and "fairly respond[s] to the substance" of the RFA. *See id.*

> 8. As of January 18, 2021 [sic] Plaintiffs [sic] settlement demand for his claims for UIM benefits from the December 2, 2014 accident has never been a demand other [sic] $250,000.00, the policy limits.
>
> ANSWER: Admitted with clarification. On January 19, 2021, in an effort to resolve the matter without further litigation, Plaintiff reduced his demand to $225,000.00.

Defendant asserts that Plaintiff's clarification has nothing to do with the timeframe set by the RFA and that it should be deemed admitted. (Def.'s Mot. to Deem RFAs Admitted, Case No. 19-cv-0080, ECF No. 61, at ¶¶ 8-9). Plaintiff again responds that the RFA improperly seeks a "half-truth" and that he must qualify his answer to avoid "an unwarranted and unfair inference

5

that Plaintiff never, ever, lowered his demand." (Pl.'s Resp., Case No. 19-cv-0080, ECF No. 63, at ¶¶ 8-9).

This time Plaintiff is incorrect. The RFA does not ask him to admit that he "never, ever" lowered his settlement demand. It asks him to admit that he had not lowered it as of January 18, 2021. As Defendant notes, Plaintiff's purported qualification is unnecessary and does not fairly respond to the substance of the RFA. *See* FED. R. CIV. P. 36(a)(4). The Court shall deem this RFA admitted without clarification.

**B.    Set II**

9.    Dr. Michael Stanley is a board-certified neurosurgeon.

> ANSWER: Objection. Plaintiff lacks information sufficient to either admit or deny this request for admission which is more properly directed to Dr. Michael Stanley.

Defendant claims that it is "baffling" that Plaintiff permitted Dr. Stanley to operate on his spine three times without knowing whether he is board-certified. (Def.'s Mot. to Deem RFAs Admitted, Case No. 19-cv-0080, ECF No. 61, at ¶ 21). He states that the Rules do not permit responding that the party issuing the RFA should direct it to a non-party instead. (*Id.*) Plaintiff responds that he did not obtain Dr. Stanley's curriculum vitae while under his care and that he has not retained him as an expert. (Pl.'s Resp., Case No. 19-cv-0080, ECF No. 63, at ¶ 21). He maintains that he does not know Dr. Stanley's qualifications and is not in contact with him to ask what they are. (*Id.*) He notes that Rule 36(a)(4) permits him to assert lack of knowledge or information as a basis for failing to admit or deny an RFA provided he states that he has made a reasonable inquiry. (*Id.*) Accordingly, he proposes the following amended response:

> [ANSWER:] After reasonable inquiry, the information Plaintiff knows or can readily obtain is insufficient to enable Plaintiff to admit or deny.

(Pl.'s Resp., Case No. 19-cv-0080, ECF No. 63, at ¶ 21).

6

The Court disagrees with Defendant that Plaintiff necessarily knows Dr. Stanley's credentials because Dr. Stanley operated on him three times.  The question is whether Plaintiff's duty to make a reasonable inquiry requires him to seek the information from Dr. Stanley.

"[T]here is no bright line rule defining the limits of a 'reasonable inquiry.'"  *Haggie v. Coldwell Banker Real Estate Corp.*, Nos. 4:04CV111-M-A *et al.*, 2007 WL 1452495, at *2 (N.D. Miss. Nov. 15, 2017) (citations omitted).  "Instead, a court must examine each case in light of its specific facts and circumstances to determine whether a responding party made a reasonable inquiry to determine whether the request should be admitted or denied or if there is insufficient information to permit a definitive response."  *Id.*  Nonetheless, a reasonable inquiry is normally

> limited to persons and documents within the responding party's control (e.g., its employees, partners, corporate affiliates, etc.). It does not require the responding party to interview or subpoena records from independent third parties in order to admit or deny a Request for Admission. Likewise, a party cannot be forced to admit or deny facts testified to by a third party as to which the responding party has no personal knowledge. Because requests for admissions can have dire consequences, the responding party's duty to obtain information is no broader than that owned in responding to interrogatories; i.e., generally limited to obtaining information from person and entities of which it has actual control.

*Id.* (quoting *United States v. L.A. Cnty.*, 235 F.R.D. 675, 685 (E.D. Cal. 2006)).

Here, although Dr. Stanley previously operated on Plaintiff, Plaintiff does not exercise control over him.  As such, Rule 36 does not require Plaintiff to investigate Dr. Stanley's credentials.  However, it does require him to "state[ ] that [he] has made reasonable inquiry and that the information [he] knows or can readily obtain is insufficient to enable [him] to admit or deny" the RFA.  FED. R. CIV. P. 36(a)(4).  Accordingly, Plaintiff shall amend his answer as proposed to include the statement required by Rule 36.

> 11. Plaintiff, through his attorney, provided Encompass with an office note of Dr. Michael Stanley, dated March 10, 2016, which states in the note:

"Having some back pain but better than shortly after accident."

ANSWER: Objection. This request for admission is impermissibly compound, the quoted material is impermissible hearsay evidence, and any treatment record has not been authenticated.

12. A copy of Dr. Stanley's note dated March 10, 2016 is attached hereto as Exhibit "A".

ANSWER: Objection. The document attached as Exhibit "A" does not include the 2-page imaging report created on the same date and is unauthenticated hearsay evidence.

13. Dr. Stanley's note of March 10, 2016 further provides:

"Flare up of LBP after recent MV A, now better, some soreness at times but not to the degree of needing intervention."

ANSWER: Objection. The quoted material is impermissible hearsay evidence and the document has not been authenticated.

14. Dr. Stanley's note of March 10, 2016 further provides:

"As long as he fells [sic] well and having no problems, will leave F/U open he will call with any problems."

ANSWER: Objection. The quoted material is impermissible hearsay evidence and the document has not been authenticated.

18. Dr. Michael Stanley, in his office note dated January 17, 2017, in the history of present illness section stated:

"started over summer with colonoscopy then constipated straining developed umbilical hernia had surgery after surgery developed back and leg pain."

ANSWER: Objection. The quoted material is impermissible hearsay evidence and the document has not been authenticated.

19. A copy of Dr. Stanley's office note dated January 17, 2017 is attached hereto as Exhibit "B."

ANSWER: Objection. The document attached as Exhibit "B" does not include the 2-page imaging report or 2-page lab report created on the same date and is unauthenticated hearsay evidence.

Defendant asserts that RFA numbers 11 through 14, 18 and 19 properly relate to the genuineness of documents pursuant to Rule 36(a)(1)(B). (Def.'s Mot. to Deem RFAs Admitted, Case No. 19-cv-0080, ECF No. 61, at ¶¶ 25-26, 30). It claims that Plaintiff's objections are improper non-sequiturs because he produced the documents referenced in the RFAs but now objects that they have not been authenticated. (*Id.* at ¶ 27). It notes that hearsay is not a proper discovery objection. (*Id.* at ¶ 31). Plaintiff responds that it is not clear if Defendant seeks to authenticate the referenced documents or to obtain admissions regarding the statements contained therein. (Pl.'s Resp., Case No. 19-cv-0080, ECF No. 63, at ¶¶ 25-28, 30-32). He contends that "Defendant failed to simply ask whether each document is what it purports to be." (*Id.* at ¶¶ 27-28, 30-32). He proposes amending his response to each RFA as follows:

> [ANSWER:] Admitted, with the clarification that Plaintiff admits to the genuineness of the document but does not admit the truth of the matter asserted in the quoted statement.

(Pl.'s Resp., Case No. 19-cv-0080, ECF No. 63, at ¶¶ 28, 32).

Federal Rule of Civil Procedure 36(a)(1)(B) permits a party to serve an RFA "relating to . . . the genuineness of any described documents." FED. R. CIV. P. 36(a)(1)(B). "It is also permissible to request that a party admit or deny the accuracy of quoted textual material from a particular document relevant to the action, and the request may not be ignored on the ground that it seeks an interpretation of the text." 7 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 36.10[9] (Lexis 2021) (citations omitted). "[I]f the request for admission quotes a documents [sic] and asks the other party to admit that the document contains the material quoted, it should be admitted if the quotation is accurate and denied if it is not." *Miller v. Holzmann*, 240 F.R.D. 1, 4 (D.D.C. 2006). Here, Plaintiff admits that the document referenced in the RFAs is genuine and contains the quoted statements, but he seeks to "clarify" that he does not admit the truth of

9

those statements.  However, the RFAs do not seek to have him do any such thing, and, as such, his clarifying statements are unnecessary.  Because Plaintiff otherwise admits the contents of the RFAs, the Court shall deem them admitted.

## IV.     CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part Defendant's motion. The Court deems admitted Defendant's Set I, RFA numbers 2 and 8 and Defendant's Set II, RFA numbers 2, 11 through 14 and 17 through 19.  Within seven days, Plaintiff shall amend his responses to Defendant's Set I, RFA number 6 and Defendant's Set II, RFA number 9, as set forth in his response and herein.  The Court denies the remainder of the motion.

BY THE COURT:

 /s/ Lynne A. Sitarski
LYNNE A. SITARSKI
United States Magistrate Judge